

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AB:WPC/JSY/RK
F.#2018R01054

271 Cadman Plaza East
Brooklyn, New York 11201

July 8, 2021

**By ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Yun Wu Huang
                Criminal Docket No. 18-408 (S-2) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in advance of sentencing with respect to defendant Yun Wu Huang in the above-referenced case, which is scheduled for an in-person hearing on July 14, 2021, at 11:00 a.m.  For the reasons set forth below, the government respectfully requests that the Court impose a sentence slightly below the applicable United States Guidelines ("Guidelines") range of 24 to 30 months' imprisonment.

I.      Procedural Background

      On August 16, 2018, the defendant was arraigned on an Indictment charging conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count One), conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. § 371 (Count Two), and trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1) (Count Five).  The defendant was charged at the same time as 21 other defendants in this and related cases.

      On September 23, 2019, the defendant pleaded guilty before Magistrate Judge Steven M. Gold to a single-count Second Superseding Information charging Structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2), pursuant to a plea agreement (the "Plea Agreement").  See Presentence Investigation Report ("PSR") ¶ 1.  By docket order dated

November 4, 2019, the Court accepted the defendant's guilty plea to the sole count of the Superseding Information after reviewing the plea transcript.

Two defendants (Sheng Miao Xia and Wei Mei Gao) in this specific case already have been sentenced. This defendant and his two remaining co-defendants are scheduled to be sentenced the same day. In the related group of cases, nine defendants have been sentenced.

II.     The Offense Conduct

The defendant Yun Wu Huang owned and worked at wholesale handbag and accessories business along with his father and brother, Xi Quan Huang and Yun Lei Huang, respectively. See PSR at ¶ 18.

This defendant, along with his father and brother, sold handbags bearing counterfeit trademarks from the business. Additionally, this defendant and his two co-defendants also structured the financial transactions, that is, he broke down the payments exceeding $10,000 into smaller sums and then deposited those smaller sums into the business' bank accounts in order to evade bank reporting requirements. This defendant pleaded guilty to structuring more than $100,000 over a 12-month period, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2), as did his two co-defendant relatives.

In this way, this defendant and his relatives made a substantial profit. This defendant agreed to a forfeiture amount of $266,000. His two co-defendants also each agreed to forfeiture in the amount of $266,000 each.

III.    Defendant's Guideline Range

The government agrees with the Guidelines range in the PSR as to the sole count of the Superseding Information, which is the same as the Guidelines estimate in the Plea Agreement. The applicable Guidelines range is as follows:

| U.S.S.G. Description | U.S.S.G. Section | Levels |
|---|---|---|
| Base Offense Level | 2S1.3(a)(2) | 6 |
| Loss Amount More Than $250,000 | 2B1.1(b)(1)(G) | +12 |
| Offense involved proceeds of unlawful activity | 2S1.3(b)(1)(A) | +2 |

2

| Total Offense Level Of Underlying Offense | | 20 |
|---|---|---|
| Acceptance of Responsibility | 3E1.1(a) and (b) | -3 |
| Total Offense Level | | 17 |

In the Plea Agreement, the defendant stipulated to the above Guidelines calculation. In Section 5.b. of the Plea Agreement, the parties also agreed that the government would "take no position concerning where within the Guidelines range determined by the Court the sentence should fall".

IV.   A Sentence Slightly Below the Guideline Range is Appropriate

     a.  Legal Standard

In United States v. Booker, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns. 125 S. Ct. 738, 743 (2005); see 18 U.S.C. § 3553(a). Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005). Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum." Id. at 113.

Later, in Gall v. United States, the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, the court may not presume that the Guidelines range is reasonable. The court must make an individualized assessment based on the facts presented." Id. at 49–50 (citation and footnote omitted).

3

b.  Application of 18 U.S.C. § 3553(a) Factors

In this case, a particularized consideration of the factors set forth in Section 3553(a) demonstrates that a sentence slightly below the agreed upon Guideline range is appropriate for this defendant.

This defendant was an important cog in the illegal enterprise.  With his family members, he sold counterfeit goods and structured the transactions to avoid reporting requirements and detection.  During the government's investigation, Xi Quan Huang organized the sale of the counterfeit goods to the cooperating witness several times and delivered the fake goods that the Huangs trafficked.  Yun Lei Huang appeared to the second-in-command, also participated at meetings regarding the sale of counterfeit goods, discussed styles of fake bags with the cooperating witness, and delivered the fake goods.  Yun Wu Huang played an important role in the business but appears to have had less decision-making authority.  Each family member made a substantial profit from the scheme and each agreed to forfeit $266,000.

As mentioned, the defendant, his father, and his brother are the tenth, eleventh, and twelfth defendants overall to be sentenced in these related cases.  The following chart provides the prior sentences imposed by the Court.  Each time-served sentence was for the period of time from the arrest of the defendant to the arraignment that same day when bail was set.

| Defendant and Case Number | Charge of Conviction | Guidelines Range | Primary Role | Sentence |
|---|---|---|---|---|
| Xue Wei Qu<br><br>18-CR-419 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | Wholesale Distributor | 12 months' and one day incarceration and $50,000 fine |
| Qi Feng Liang<br><br>18-CR-419 | Structuring:<br>31 U.S.C. §§ 5324(a)(3) | 10 to 16 months | Structured Money Transactions | Time-served[1] and $5,500 fine |
| Yong Lin Dong<br><br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | 12 months and one day in prison |

---

[1] The Court also imposed one year of supervised release with a special condition of home confinement for 150 days.

4

| | | | | |
|---|---|---|---|---|
| Cai Ying Lin<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 10 to 16 months | Wholesale Distributor | 2 years' probation |
| Jin Hua Zhang<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[2] |
| Jian Hua Zhu<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[3] |
| Cheng Xu Yu<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served |
| Sheng Miao Xia<br>18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 12 months' and one day incarceration |
| Wei Mei Gao<br>18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 6 months' incarceration |

Accordingly, taking into consideration the Section 3553 factors, including the need to provide just punishment, promote respect for the law, and deter the defendant and others from future unlawful conduct and avoid disparate sentences, a sentence slightly below the Guidelines range of 24 to 30 months' imprisonment is appropriate.

---

[2] The Court also ordered that this defendant cooperate with immigration authorities regarding his removal to China.

[3] The Court also ordered that this defendant voluntarily depart the United States for China, within the one year of her supervised release.

5

V. <u>Conclusion</u>

For the reasons set forth above, the government respectfully requests that the Court impose a sentence slightly below the agreed upon Guideline range as described above and in the PSR as well as forfeiture in the amount of $266,000.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney
Eastern District of New York

By: <u>/s/ William P. Campos</u>
William P. Campos
Temidayo Aganga-Williams
Assistant U.S. Attorneys
(718) 254-6104/ (718) 254-6183

Robert Kaftal
Special Assistant United States Attorney
(718) 254-6033

<u>/s/ James Yoon</u>
James S. Yoon
Assistant Deputy Chief for Litigation
Computer Crime and IP Section
United States Department of Justice
(202) 514-1115

cc: Jonathan Savella, Esq.
Counsel for Defendant Yun Wu Huang
(by ECF)

Michelle Malko and
Michael Dorra
U.S. Probation Officers
(by ECF)